COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


GRACE C. RUTLEDGE

                                        MEMORANDUM OPINION*
v.    Record No. 1961-02-4                 PER CURIAM
                                        FEBRUARY 19, 2003
E. PRESTON RUTLEDGE


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Paul F. Sheridan, Judge

            (Mary Elizabeth Davis; Hofheimer/Ferrebee,
            P.C., on brief), for appellant.

            (Martin A. Gannon; James Ray Cottrell;
            David H. Fletcher; Christopher W. Schinstock;
            Kyle F. Bartol; Gannon & Cottrell, P.C., on
            brief), for appellee.


     Grace C. Rutledge (mother) appeals the decision of the

circuit court denying her motion for unsupervised visitation with

the parties' minor son, Andrew Rutledge, and court-ordered

therapy.  On appeal, mother contends the trial court denied her

due process and substantial justice by dismissing her motion

without a hearing.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

Mother and E. Preston Rutledge (father) were divorced by final decree on February 27, 1997. In a May 10, 2000 order, father was awarded sole legal and physical custody of Andrew. The court allowed mother supervised visitation with Andrew on alternate Sunday afternoons through the Visitation Services Program of Northern Virginia Family Service, until further order of the court. On June 7, 2002, mother moved the court for unsupervised visitation and court-ordered therapy. After considering mother's written motion and father's written opposition, the court denied mother's motion.

Mother acknowledges she was informed of the court's denial of her motion on June 26, 2002. Mother failed to file a motion to reconsider or any other form of objection to the court's ruling.

## Analysis

This Court will not consider an argument on appeal that was not presented to the trial court. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18. The requirements of Rule 5A:18 apply equally to constitutional claims. Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992). "The goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." Campbell v.

-

<u>Commonwealth</u>, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991). Appellant failed to voice her objections before the trial court at any time.

Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. Therefore, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>